William B. Sullivan [CSB No. 171637]
helen@sullivanlawgroupapc.com
Eric K. Yaeckel [CSB No. 274608]
yaeckel@sullivanlawgroupapc.com
Clint S. Engleson [CSB No. 282153]
cengleson@sullivanlawgroupapc.com
**SULLIVAN LAW GROUP**, APC
2330 Third Avenue
San Diego, California 92101
(619) 702-6760 * (619) 702-6761 FAX

Derik N. Lewis (SBN 219981)
**VANTIS LAW FIRM, APC**
120 Vantis, Ste 300
Aliso Viejo, California 92656
Telephone: (949) 216-0935
Facsimile: (949) 296-0935
info@VantisLaw.com

Attorneys for Plaintiff ROGER A. RUTMAN, individually and on behalf of other members of the general public similarly situated

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER A. RUTMAN, individually and on behalf of other members of the general public similarly situated<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, a New York Corporation and DOES 1-10, inclusive<br><br>Defendants | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATION OF REGULATION X OF RESPA (Individual Claim)**<br>2. **NEGLIGENT LOAN SERVICING (Individual Claim)**<br>3. **VIOLATION OF 12 CFR § 1024.14 (Class Action Claim)**<br>4. **VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ. (Class Action Claim)**<br>5. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT** |

| **COLLECTION PRACTICES ACT: CALIFORNIA CIVIL CODE §§ 1788, et seq.** (Class Action Claim)
| 6.  **UNJUST ENRICHMENT** (Class Action Claim)
|
| *Demand for Jury Trial*

COMES NOW Plaintiff ROGER A. RUTMAN, individually and on behalf of other members of the general public similarly situated and alleges for his complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff ROGER A. RUTMAN ("Plaintiff" or "Rutman") is and was at all times material hereto an individual residing in Orange County, California. Plaintiff previously owned the residential real property commonly known as 26932 Quevedo Lane, Mission Viejo, CA 92691, APN 761-103-33 (the "Residence") and at all relevant times occupied that property as Plaintiff's principal residence.

2. Plaintiff is informed and believes, and based thereon, alleges that JPMORGAN CHASE BANK ("Defendant" or "CHASE") is a New York Corporation and a national banking association organized and existing under the laws of United States and doing business throughout the State of California, and that Lender, at all times relevant herein, was actively engaged in the business of making, arranging, holding and/or servicing loans in Orange County, California. Plaintiff is informed and believes and thereon alleges that Lender is an entity subject to the terms of the Real Estate Settlement Procedures Act ("RESPA"), codified as Title 12, Chapter 27 of the United States Code, 12 U.S.C. §§ 2601–2617, as further set forth herein.

3. RESPA specifically authorizes an action to be brought "in the United States district court or in any other court of competent jurisdiction, for the district in

which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C.A. § 2614 (2001). Federal Question Jurisdiction is also proper for Plaintiff's RESPA claims based upon 28 U.S.C. § 1331.

4. Venue is proper because Plaintiff's property is in Orange County and the acts constituting the below violations which gave rise to Plaintiff's injuries occurred in Orange County, which is within the Central District of California. 28 U.S.C. § 1391.

5. Plaintiff is presently unaware of the true names, capacities and liability of defendants named herein as DOES 1 through 10, inclusive. Accordingly, Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities after the same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendant is responsible in some manner for the wrongs and damages as herein alleged, and in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in doing the actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the co-defendants. Plaintiff's injuries as herein alleged were proximately caused by said Defendant. Wherever it is alleged herein that any act or omission was done or committed by any specially named defendant or defendants, Plaintiff intends thereby to allege and does allege that the same act or omission was also done and committed by each and every defendant named as a DOE, both separately and in concert or conspiracy with the named defendant or defendants.

7. Plaintiff is informed and believes and thereon alleges that Defendant, and each of them, including DOES 1 through 10, are and at all times herein mentioned were either individuals, sole proprietorships, partnerships, registered professionals, corporations, alter egos or other legal entities which were licensed to do and/or were doing business in the County of Orange, state of California at

all times relevant to the subject matter of this action.

## FACTUAL BACKGROUND

8. Plaintiff Rutman is a resident of Orange County, California. At all times at issue, Plaintiff resided at 26932 Quevedo Lane, Mission Viejo, CA 92691, APN 761-103-33. Plaintiff vacated the property, following a sale, on or around July of 2016.

9. At all times at issue, Defendant was the mortgagor on the residential real property commonly known as 26932 Quevedo Lane, Mission Viejo, CA 92691, APN 761-103-33. Plaintiff maintained regular contact with Defendant, and occupied the property, during all times at issue.

10. Defendant continually assessed fees for unnecessary property inspections on the mortgage account of Plaintiff Rutman, thereby subjecting him to an improper debt.

11. Specifically, while Plaintiff's loan was in default, he was assessed fees for repeated and unnecessary home inspections by Defendant. By way of example only, during a period of approximately 9 months in 2013, Plaintiff's home was subjected to 5 separate property inspections by Defendant. 4 of these 5 inspections were "exterior only" property inspections. These inspections continued on a regular basis at all times Plaintiff lived in the Residence. Each time Defendant conducted an inspection, Defendant (and/or its subsidiaries and all affiliated companies) generated fee income on these unnecessary default related services.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings Counts 3 through 6 as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following persons:

    All current and former residents of the state of California, and whose accounts were assessed fees for property inspections at any time, continuing through the date of the final disposition of this action.

13. Plaintiff reserves the right to amend the Class definition if discovery and further

- 4 -

investigation reveals that the Class should be expanded or otherwise modified.

14. The claims in Counts 3 through 6, if certified for class-wide treatment, are pursued on behalf of all similarly situated persons who do not opt-out of the class.

15. Throughout the operative limitations period, Plaintiff and all other class members were denied the protections and benefits of California and Federal Law, including the RESPA statute, California's Unfair Competition Laws and the Rosenthal Fair Debt Collection Practices Act due to Defendant's standard practices. The proposed class is comprised of Plaintiff, and all other class members who were residents of the State of California who had a home loan serviced by Defendant, and whose accounts were assessed fees for property inspections. These class members have been harmed Defendant's standard policy and practice of ordering and/or conducting property inspections that are imposed arbitrarily, excessive in both frequency and price, unnecessary, unreasonable and otherwise unlawful.

16. Defendant targets homeowners who have purportedly defaulted on some obligation under their mortgage for the assessment of repeated and unnecessary inspections and resultant appraisals. Plaintiff is informed and believes that the majority of these inspections were "exterior only," "drive-by" type of property inspections.

17. Each time Defendant conducts an inspection, Defendant (and/or its subsidiaries and all affiliated companies) generate fee income on these unnecessary default related services.

18. These unreasonable practices are designed by Defendant to maximize fees assessed on borrowers' accounts when they are already struggling with a default. Consistent with these practices, Plaintiff is informed and believes Defendant uses automated software to order and/or conduct the repeated, unreasonable and unnecessary "property inspections."

19. When class member borrowers go into default for any reason, Defendant begins assessing these inspection fees. However, pursuant to State and Federal law Defendant is not permitted to assess borrowers' accounts for any service that is nominal, duplicative or otherwise unfair. However, this is what Defendant does as it orders repeated and unnecessary property inspections which are unreasonable in frequency and therefore serve no legitimate purpose.

20. Plaintiff is informed and believes that rather than being motivated by a specific concerns that a homeowner's property is at risk, Defendant's system is programmed to order property inspections at intervals that maximize Defendant's profits. This is done without regard to the initial inspections of these properties, which reveal that there is no problem with the condition or occupancy of the property.

21. Plaintiff and class members were damaged and suffered harm as a result of these practices. To wit, the indiscriminate assessment of fees for unnecessary property inspections make it increasingly difficult for class members to become current on their loan and to drive these borrowers into further debt and keeping the borrowers in delinquency. It also often ends up driving borrowers into foreclosure proceedings. Additionally, class members suffered damage to their credit score as Defendant provides payment history to credit reporting companies.

22. Plaintiff brings this action on the grounds that he and other similarly situated current and former homeowners with a mortgage from Defendants were and are charged for unreasonable and unnecessary property inspections in violation of State and Federal Law. Plaintiff is unaware of the exact class size, however it is believed to be in excess of several thousand individuals and therefore satisfies the numerosity standards.

23. The class will be ascertainable from Defendant's own mortgage records and through class member's experiences as current and former California

homeowners who had a mortgage from Defendant's that was assessed multiple property inspection fees.

24. Class members share a community of interest and an injury-in-fact as Defendants have violated the law, and engaged in unfair business practices depriving class members of money.

25. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a. Whether Defendant ordered, and assessed fees for, repeated property inspections without regard to their reasonableness or necessity;

   b. Whether this standard and institutionalized practice of Defendant violated 12 CFR § 1024.14 and section 8 of RESPA (12 U.S.C. § 2607);

   c. Whether Defendant's conduct also constituted an illegal and/or unfair practice in violation of Business & Professions Code section 17200 *et seq.*;

   d. Whether Defendant's demands for payment of fees related to the unnecessary property inspections violated the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §§ 1788, et seq.); and

   e. Whether Defendant's practices resulted in Defendant being unjustly enriched at the expense of all class members.

26. The class on whose behalf this action is brought is so numerous that joinder of all parties individually would be impracticable. Plaintiff is informed and believed there are well over a thousand, current and former California homeowners whose mortgage with Defendant went into a default, then was assessed with property inspection fees, who share a common or general interest, and it would be impracticable for those individuals to bring the action individually. Any variations between the individual class members are legally

insignificant to the issues presented by this action since the central facts remain, to wit, Plaintiff and all other class members were improperly denied the benefits and protections of Federal and State law, by and through Defendant's standard and institutionalized practices.

27. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each class member who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

28. There are questions of law and fact common to the class. Plaintiff, and all class members, were injured by Defendant's violations of the enumerated Federal and State statutes set forth below. As these violations resulted from Defendant's standard and institutionalized practices, questions of law and fact are common to the class.

29. Plaintiff's claims in this action are typical of the class whom Plaintiff generally represent. The claims result from Defendant's standard and institutionalized practices, experienced by Plaintiff and all other class members.

30. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of Class Members whom he seeks to represent. The interests of the Class Members will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

31. Common questions predominate over questions affecting individual class members. Plaintiff and all other class members were improperly denied the benefits and protections of California and Federal Law, including the RESPA statute, California's Unfair Competition Laws and the Rosenthal Fair Debt

Collection Practices Act. Common questions of law or fact therefore "present a significant aspect of the case" and are capable of resolution "in a single adjudication." *Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1022.

32. Plaintiff's claims therefore satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

**FIRST CAUSE OF ACTION**
**VIOLATION OF REGULATION X OF RESPA**
**(By Plaintiff, Individually, against Defendant and DOES 1 through 10)**

33. Plaintiff hereby incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. On March 3, 2016, Plaintiff delivered a formal Request for Information (the "RFI") to the attorneys for Defendant CHASE (who represented they would accept service). Pursuant to the RFI, Plaintiff requested 10 specific items related to the servicing of the loan along with specific dates covered by the request.

35. Defendant confirmed receipt of the RFI on March 7, 2016, and included reference to the Plaintiff, his loan and also referenced the case number of separate litigation regarding Plaintiff's Residence and the subject loan.

36. Pursuant to 12 C.F.R. § 1024.36(d) Defendant was required to provide a substantive response to the RFI by April 15, 2016. On April 13, 2016 Defendant provided notice of an extension of time to respond to the RFI and set May 5, 2016 as the revised deadline.

37. Defendant provided a correspondence on May 5, 2016. However, rather than providing a full and complete response to the RFI, Defendant provided only a series of objections to the RFI . The primary objection was that Plaintiff failed to identify the "name of the borrower and information that enables the servicer to identify the borrower's mortgage loan account." This is contradicted by Defendant's own March 7, 2016 correspondence which identifies the borrower by name and references the case number of litigation regarding the specific

mortgage. Defendant also objected that the RFI was "overbroad and unduly burdensome" and "unreasonable."

38. On May 19, 2016, Plaintiff delivered a formal Notice of Error pursuant to 12 C.F.R. 1024.35 to Defendant's designated RESPA address which identified the above referenced Requests for Information and the failure to properly respond. It also addressed why each of Defendants "objections" were without merit cannot excuse Defendant's obligation to fully respond to the RFI. Defendant failed to acknowledge the Notice of Error and failed to act to correct the errors identified therein.

39. As a result, Defendant therefore violated RESPA by refusing to provide all information which was requested in the RFI, a direct violation of 12 C.F.R. § 1024.35(b)(11) and 12 C.F.R.§ 1024.36(d) .

40. Plaintiff is informed and believes, and thereupon alleges, that Defendant also provided adverse information to consumer reporting agencies, in violation of 12 C.F.R. §1024.35(I).

41. As a result of Defendant's actions in violating RESPA as set forth above, Plaintiff has suffered actual damages in the form of time and expense in complying with Defendant's demands to produce documents which Defendant either lost or misplaced along with engaging counsel to address the Defendant's non-compliance by sending a formal Notice of Error pursuant to RESPA's notice of error provision. Plaintiff has suffered credit damage and loss of Plaintiff's home based upon Defendant's violation of RESPA.

42. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X of RESPA.

43. As a result of Defendant's actions in violation of RESPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

///

Complaint

**SECOND CAUSE OF ACTION**
**NEGLIGENT SERVICING**
**(By Plaintiff, Individually, against Defendant and DOES 1 through 10)**

44. Plaintiff hereby incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45. Given the Lender-Servicer relationship that existed between Defendant and Plaintiff, Defendant had a duty to properly process Plaintiff's loss mitigation requests, comply with all terms of the mortgage and comply with all state and federal foreclosure laws, rules and regulations.

46. In or around September of 2005, Plaintiff received a mortgage loan from Washington Mutual Bank, FA to purchase his Residence. Defendant CHASE later became the owner and Servicer on this loan after it bought out Washington Mutual Bank, FA. Plaintiff's mortgage loan was secured by the "Original Deed of Trust" in encumbering Plaintiff's Residence, which was recorded in September of 2009.

47. Plaintiff Rutman also took out a Home Equity Line of Credit Loan from Washington Mutual Bank, FA in September of 2005. This loan also later became owned by Defendant. The Home Equity Line of Credit Loan was secured by a "Second Deed of Trust" in September of 2005.

48. In or around 2012, The Home Equity Line of Credit Loan was paid in full by Plaintiff Rutman. Accordingly, the Second Deed of Trust Should have been released and reconveyed to Plaintiff by Defendant at that time.

49. Instead of releasing the Second Deed of Trust. Defendant erroneously released and reconveyed the Original Deed of Trust on the property.

50. Rather than simply contacting Plaintiff to attempt to resolve Defendant CHASE's own recording errors, Defendant CHASE instead initiated a lawsuit against Plaintiff seeking to cancel the "Erroneous Reconveyance" and also sought damages against Plaintiff as a result of CHASE's own errors. Defendant CHASE's lawsuit against Plaintiff Rutman was filed in the Superior Court,

- 11 -

Complaint

County of Orange, Case No. 30-2014-00702351.

51. In its Complaint, Defendant CHASE admitted the above acts constituted an improper and "Erroneous Reconveyance" on its part, that was committed through "mistake, inadvertence and error."

52. As a result of the aforesaid negligent actions, Plaintiff suffered extensive damages during this period of time including, without limitation, (1) extended damage to credit beyond any typical mortgage default situation, (2) permanent damage from various public records of the foreclosure and (3) the civil actions resulting from Defendant's actions including an Home Owner Association lawsuit which had to be defended, as a result of Defendant's non-compliance with the law, and legal fees in defending two legal actions as a defendant.

53. Plaintiff therefore seeks damages in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 12 CFR § 1024.14**
*CLASS ACTION CLAIM*
**(Individually, and on behalf of the Class, against Defendant and DOES 1 through 10)**

54. Plaintiff hereby incorporate by reference paragraphs 1 through 53 as though fully set forth herein.

55. 12 CFR § 1024.14(c) provides that:

> No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed. **A charge by a person for which no or nominal services are performed or for which duplicative fees are charged is an unearned fee and violates this section**. The source of the payment does not determine whether or not a service is compensable. Nor may the prohibitions of this part be avoided by creating an arrangement wherein the purchaser of services splits the fee.

56. A violation of 12 CFR § 1024.14 also constitutes a violation of section 8 of RESPA (12 U.S.C. 2607). See 12 CFR § 1024.14(a).

57. Plaintiff alleges that Defendant's maintained a standard policy and practice of ordering and/or conducting property inspections that were excessive in both

frequency and price, unnecessary, unreasonable and otherwise unlawful, as set forth above. Plaintiff herein alleges that this practice constitutes charges for both (1) nominal services and (2) results in duplicative charges, as the excessive follow up inspections are unnecessary and unreasonable.

58. These institutional and established practices of Defendant are illegal, in that Plaintiff and all other class members suffered actual damages in the form of improper charges to class members' loans, credit damage and, in some cases, loss of class members' homes. By keeping borrower's in default with these practices, Defendant also negatively impacted whether class members would be able to get a loan in the future – and what the terms and rates will be on such loans. Additionally, class members are entitled to statutory damages for these RESPA violations.

59. Plaintiff is informed and believes, and thereupon alleges, that Defendant also provided adverse information to consumer reporting agencies in violation of 12 C.F.R. §1024.35(I) when these improper inspection charges could not be paid by Plaintiff and all other class members.

60. Plaintiff alleges that Defendant's conduct in this case constitutes a willful violation of the applicable provisions of Regulation X.

61. As a result of this Defendant's actions, Defendant is liable to Plaintiff, and all other class members, for actual damages, statutory damages, costs, and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**
*CLASS ACTION CLAIM*
**(Individually, and on behalf of the Class, against Defendant and DOES 1 through 10)**

62. Plaintiff hereby incorporate by reference paragraphs 1 through 61 as though fully set forth herein.

63. Business & Professions Code section 17200 *et seq*. prohibits any unlawful, unfair, or fraudulent business act or practice.

- 13 -

64. Plaintiff's allegations herein are based upon Defendant's institutional business acts and practices.

65. In the course and conduct of their loan servicing and collect, Defendant ordered and/or conducted property inspections that were imposed on homeowner's arbitrarily, excessive in both frequency and price, unnecessary, unreasonable and are otherwise unlawful. As set forth above, Plaintiff alleges these practices violate RESPA.

66. Additionally, these practices are inherently unfair and deceptive, in that Defendant failed to fully disclose and itemize the nature of the charges, the fees assessed, and the necessity for them.

67. Plaintiff, and all other class members, are direct victims of Defendants' illegal and/or unfair business acts and practices referenced in this complaint, and have lost money or property as a result of such practices. Plaintiff brings this action both in his individual capacity and on behalf of all other residents of the State of California who had a home loan serviced by Defendant, and whose accounts were assessed fees for property inspections. who share a common or general interest in the damages as a result of the illegal and/or unfair practices.

68. The class is ascertainable via their experience as individuals who had a home loan serviced by Defendant. Class members share a community of interest and an injury-in-fact as Defendants have engaged in unfair and unlawful acts in the conduct of their loan servicing and collections.

69. Based on the facts set forth above, it would be impracticable to proceed in individual actions.

70. Plaintiff suffered an injury-in-fact pursuant to Business & Professions Code section 17204, and lost money and property as a result of Defendants' illegal and/or unfair practices.

71. Plaintiff also brings this action on behalf of an ascertainable class who share a community of interest pursuant to Business & Professions Code section 17203

Complaint

and Code of Civil Procedure section 382 and who share a common or general interest in the damages as a result of the illegal and/or unfair practices, in that those individuals on whose behalf the action is brought have also lost money or property and also suffered negative credit reporting as a result of Defendant's practices, as set forth above, and that it would be impracticable to proceed as an individual plaintiff action.

72. As a direct result of Defendant's unlawful and unfair business acts and practices, Plaintiff and all other home-owners have been damaged in an amount to be proven. Accordingly, Plaintiff prays for restitution and injunctive damages in an amount to be proven.

73. Plaintiff is informed and believe, and on that basis allege, that Defendant's unlawful and unfair business practices, alleged above, are continuing in nature and are widespread.

74. On behalf of the ascertainable class, Plaintiff respectfully requests an injunction against Defendants to enjoin them from continuing to engage in the illegal and unfair conduct alleged herein.

75. On behalf of the ascertainable class, Plaintiff respectfully requests restitution damages.

76. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays for leave of court to amend this complaint when the amounts are more fully known.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CALIFORNIA CIVIL CODE §§ 1788, ET SEQ.)**
*CLASS ACTION CLAIM*
**(Individually, and on behalf of the Class, against Defendant and DOES 1 through 10)**

77. Plaintiff hereby incorporate by reference paragraphs 1 through 76 as though fully set forth herein.

78. Defendant is a "debt collector" within the meaning of California Civil Code section 1788.2(c) because Defendant sent mortgage bills to Plaintiff and all other class members, Plaintiff and all other class members made mortgage payments to Defendant, and Defendant accepted those payments. Defendant also made demands for payment, including demands for payment of fees for unnecessary and unreasonable property inspections after defaults on the home loans occurred by sending letters or statements, making telephone calls and making other attempts to collect all mortgage related payments and fees.

79. The fees for property inspections - which were neither reasonable or appropriate to protect the lender's interest in the property purportedly - are a "debt" within the meaning of California Civil Code section 1788.2(d), because the are "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person."

80. As alleged herein, and as set forth in detail above, Defendant has committed violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788, *et seq.* ("RFDCPA"), which incorporates by reference, and requires compliance with, the provisions of the federal Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692 159. The FDCPA and, therefore, the RFDCPA, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).

81. Defendant knowingly, affirmatively, and actively demanded payment by delinquent borrowers under false pretenses, namely the fact that Defendant did not have the actual authority to demand payment from delinquent borrowers for property inspections that were neither reasonable nor appropriate. Defendant's actions were and are inconsistent with the servicing guidelines under which Defendants were obligated to operate. Contrary to the mortgage statements and other communications CHASE directed to delinquent borrowers, they were not

legally authorized to assess and collect these fees.

82. Pursuant to California Civil Code sections 1788.17 and 1788.30, Plaintiff and all class members are entitled to recover actual damages sustained as a result of Defendant's violations of the RFDCPA. Such damages include, without limitation, monetary losses and damages. Additionally, because Defendant's violations of the RFDCPA were committed willingly and knowingly, Plaintiff and all class members are entitled to recover penalties of up to $1,000 per violation as provided for in the RFDCPA.

83. Pursuant to California Civil Code sections 1788.17 and 1788.30, Plaintiff and all class members are entitled to recover all attorneys' fees, costs, and expenses incurred in the bringing of this action. Plaintiff has incurred and continue to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays for leave of court to amend this complaint when the amounts are more fully known.

### SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### *CLASS ACTION CLAIM*
**(Individually, and on behalf of the Class, against Defendant and DOES 1 through 10)**

84. Plaintiff hereby incorporate by reference paragraphs 1 through 83 as though fully set forth herein.

85. By their wrongful acts and omissions of material facts, Defendant was unjustly enriched at the expense of Plaintiff and all other class members who paid Defendant CHASE property inspection fees.

86. By presenting borrowers with statements that included charges for property inspections, Defendant represented to borrowers, either expressly or implicitly, that it had the authority to demand payment for these default-related services and that the property inspections were reasonable or appropriate to protect the lender's interest in the property.

87. Plaintiff and all class members who paid the property inspection fees had no

reasonable means to know that CHASE was exceeding their authority and that the property inspections were not reasonable or appropriate to protect the lender's interest in the property.

88. Plaintiff and all class members should not have been obligated to pay the amounts that were demanded by Defendant for property inspections and Defendant did not have authority to make those demands.

89. Plaintiff and all class members were unjustly deprived.

90. It would be inequitable and unconscionable for Defendant to retain the profit, benefit and other compensation they obtained from their fraudulent, deceptive, and misleading conduct alleged herein.

91. Plaintiff and all class members seek restitution from Defendant, and seek an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendant from its wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on behalf of the proposed class, prays for judgment as follows:

1. An order certifying that Counts 3 through 6 of the action may be maintained as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23;
2. For compensatory damages according to proof;
3. For statutory damages according to proof;
4. For restitution damages on behalf of the section 17200 claimants who share a common or general interest;
5. For injunctive relief against Defendant restraining, preventing, and enjoining Defendant from engaging in the illegal and unfair practices alleged;
6. For restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the proposed class(es);
7. For interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action;

8. For attorneys' fees, expenses, and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

9. For such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that this matter be heard and decided by trial by jury.

Dated: July 18, 2017

**SULLIVAN LAW GROUP, APC**

*/s/ Eric K. Yaeckel*
William B. Sullivan
Eric K. Yaeckel
Clint S. Engleson
Attorneys for Plaintiff ROGER A. RUTMAN